ANNA A. BRISON, *p.a. vs.* WILLIAM R. FRECHETTE.

ANNA E. BRISON *vs.* SAME.

MARCH 9, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J.  These two actions of trespass on the case for negligence were brought by a mother and her minor daughter respectively to recover damages for personal injuries and other losses resulting from an automobile collision allegedly caused by the defendant's negligent operation of his automobile.  The cases were tried together in the superior court where a jury returned verdicts of $300 for the child and $900 for the mother.  Thereafter the trial justice denied defendant's motion for a new trial in the child's case but granted such a motion in the mother's case unless she filed a remittitur of all of the verdict in excess of $300.  Such remittitur was duly filed and each case is here on defendant's exceptions to the denial of his motion for a new trial unconditionally and to certain rulings made during the trial.

Anna E. Brison, the mother, is the plaintiff in one action and unless otherwise specified will be referred to as the plaintiff.  Her minor daughter Anna A. Brison who, with two other children, was riding with her in the automobile, is the plaintiff in the other action.  William R. Frechette is the defendant in each case.  The accident happened on September 5, 1948 at about 8 p.m.  It was dusk and the lights of both vehicles were lighted.  Plaintiff was operating

her automobile toward Matunuck Beach in a southerly direction along the Matunuck Drift Road, which is a narrow public highway in the town of South Kingstown. In the vicinity of the accident that road runs generally north and south and between two slight curves is straight for a distance of 100 to 300 yards. It measures fourteen feet in width on the traveled portion and has about two feet of gravel and grass on either side up to a guard fence. The defendant was operating his automobile in the opposite or northerly direction along said road and was going from Matunuck Beach toward the Post Road.

The testimony concerning the collision is conflicting. According to evidence for the plaintiff she was proceeding prudently on her right or westerly side of the road and had allowed another car, which was going northerly and preceding the defendant's automobile by about 100 feet, to pass on her left. When she saw that defendant's automobile, which had reached the straight part of the road, was coming in the middle of the traveled portion directly toward her, she pulled her car further to her extreme right and stopped with its right side on the gravel or grass within a foot of the guard fence on that side. The defendant's automobile continued its course and collided with the left front part of plaintiff's car, causing it to jerk violently and throwing plaintiff's daughter against the windshield.

The damages to plaintiff's car, according to the estimated reasonable cost of parts and repairs as testified to by a mechanic, amounted to $150. The car which was valued at $250 had to be towed away and was later sold for $20. In addition plaintiff lost the use of the car and had to hire a taxicab at a cost of $16 to transport her to the school where she taught. The plaintiff herself was shaken up and for at least a week suffered from nervousness, headaches and stomach upsets. The child, plaintiff in the other case, was thrown by the impact against the windshield, and after the administration of first aid was taken to a hospital where she received medical attention for a cut

on her forehead which left a scar. The doctor's bill was $6.

On the other hand defendant testified that Matunuck Drift Road is narrow and winding; that he was coming around a bend therein going toward the Post Road and was proceeding on his own right-hand side thereof; that there was other traffic going both ways; and that plaintiff drove her car over the center of the road and directly into the left front door and side of his automobile, tipping it over on its right side.

There were no eyewitnesses excepting plaintiff, her three children, all of whom were too young to testify, the defendant, and his companion named Monahan. The latter at the time of the accident gave his name as Duffy and he did not testify at the trial. However, a police officer who had been on duty at a cafe in Matunuck Beach that evening responded quickly after the accident had blocked traffic. He observed the position of the cars, the damages thereto, the condition of the road in that vicinity, and made certain measurements, all of which facts were given by him in evidence. He corroborated the plaintiff as to the position of and damage to her car, which had not been moved after the accident. This witness also testified that the car was on its extreme right on the gravel or grass with hardly room enough to enter it through the right-hand door, and that the condition of the dirt in the road and other evidence of the damage to the cars indicated that the collision took place about two feet on plaintiff's side of the center of the highway. He also testified that previously he had observed the defendant drinking at the cafe where he, the officer, was on special duty, and this was not denied by defendant.

The jury weighed the conflicting evidence in accordance with the charge, to which neither party objected, and apparently believed the plaintiff's testimony. Accordingly they returned a verdict for the plaintiff in each case and on defendant's motion for a new trial the verdicts as to liability were approved by the trial justice. However, in the

mother's case he reduced the amount of the verdict to $300, and pursuant to such decision a remittitur was filed by the plaintiff.

The defendant has duly prosecuted to this court a bill of seven exceptions, some of which are hardly more than stated in his brief. If all of them are considered as properly briefed and argued, they can be grouped in four classifications: (1) to the denial of defendant's motions for nonsuits; (2) to the denial of his motions for directed verdicts on the ground of variance; (3) to the admission of certain testimony by the police officer as to defendant's drinking; and (4) to the denial of defendant's motion for a new trial unconditionally in each case.

The defendant takes nothing by the first group of his exceptions because it is well settled that no exception lies to the denial of a motion for a nonsuit. *Anderton* v. *Blais,* 28 R. I. 78. See also *Cavanaugh* v. *Grady,* 24 R. I. 240.

In support of his second group of exceptions, defendant relies solely on the claim that plaintiff's declaration alleged that she was "operating" her car prudently along the road whereas the proof showed that she was "stopped" at the time of the accident. In urging that this difference existed and constituted a fatal variance, defendant plainly overlooks other material evidence. Plaintiff's testimony shows that she was operating her car with due care along the narrow Matunuck Drift Road just before the collision, and when it appeared that defendant's car was coming in her direction and on her side, thereby presenting an apparent danger, she pulled her automobile to the extreme right and stopped in a position partly off the traveled portion of the road in an effort to avoid the accident. In these circumstances there is no real variance between the proof and allegations and certainly not a fatal one. Likewise we are unable to discover any variance between the allegations of the declaration and the evidence in the child's case as contended by the defendant. In our opinion the motion in each case was properly denied.

Under the next group of exceptions defendant argues that he was prejudiced by the allowance of testimony by the police officer as to the defendant's drinking that day previous to the accident. If there is any error in the admission of such testimony it became harmless in view of other testimony to the same effect which was presented without objection. There is no merit in these exceptions.

Finally defendant argues that it was error to deny his motion for an unconditional new trial in each case. But he points out nothing to show that the trial justice either misconceived or overlooked the law or any material evidence. In our opinion it appears that the trial justice considered all the evidence and passed his independent judgment thereon. He finally concluded that on the question of liability the jury was warranted in returning a verdict for the plaintiff in each case. He approved the amount of the damages in the case of the child, but held that the verdict in the mother's case was excessive. Thereupon in accordance with his duty and considered judgment he ordered a remittitur of the amount in which he deemed the verdict to be excessive. From our examination of all the evidence we cannot say that either verdict is still so grossly excessive as to warrant a further reduction by us.

All of the defendant's exceptions are overruled. The case of Anna A. Brison, p.a. v. William R. Frechette is remitted to the superior court for entry of judgment on the verdict, and the case of Anna E. Brison v. same is remitted to that court for entry of judgment on the verdict as reduced by the remittitur.

*William H. Leslie, Jr.,* for plaintiffs.
*Thomas H. Gardiner,* for defendant.